FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ SEP 17 2015 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
DENISE FREDETTE and REGINA
ROBINSON,

                Plaintiffs,                NOT FOR PUBLICATION
                                        **MEMORANDUM & ORDER**

-against-                                   14-CV-7247 (CBA) (LB)

PETER YOUNG HOUSING, INDUSTRIES &
TREATMENT

                Defendant.
------------------------------------------------------------------x
**AMON, Chief United States District Judge.**

      On December 11, 2014, plaintiffs Denise Fredette and Regina Robinson filed this action seeking compensatory and punitive damages against their former employer, Peter Young Housing, Industries & Treatment ("PYHIT"), pursuant to the Equal Pay Act ("EPA"), 29 U.S.C. § 206(d), and the New York City Human Rights Law ("NYCHRL"), N.Y.C. Admin. Code §§ 8-101 to -131. (Compl., D.E. # 1.) After PYHIT failed to appear and defend the action, plaintiffs requested a certificate of default against PYHIT, which the Clerk of the Court entered on February 6, 2015. (D.E. # 7.) Plaintiffs then moved for a default judgment, and on February 11, 2015, this Court referred their motion to Magistrate Judge Lois Bloom for a Report and Recommendation ("R&R"). (D.E. dated Feb. 11, 2015.) On August 10, 2015, Magistrate Judge Bloom issued her R&R recommending that the Court deny plaintiffs' motion for a default judgment, but grant plaintiffs thirty days to amend their complaint. (R&R, D.E. # 10.)

      No party has objected to the R&R, and the time for doing so has passed. When deciding whether to adopt an R&R, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). To accept those portions of an R&R to which no timely objection has been made, "a district court

1

need only satisfy itself that there is no clear error on the face of the record." Jarvis v. N. Am. Globex Fund, L.P., 823 F. Supp. 2d 161, 163 (E.D.N.Y. 2011) (internal quotation marks and citation omitted).

The Court adopts the R&R's recommendation to deny plaintiffs' motion for default judgment because the complaint fails to state a claim under the EPA. In determining whether to issue a default judgment, the Court has the "responsibility to ensure that the factual allegations, accepted as true, provide a proper basis for liability and relief." Rolls-Royce PLC v. Rolls-Royce USA, Inc., 688 F. Supp. 2d 150, 153 (E.D.N.Y. 2010) (citing Au Bon Pain Corp. v. Artect, Inc., 653 F.2d 61, 65 (2d Cir. 1981)). Because "defaults are generally disfavored and are reserved for rare occasions, when doubt exists as to whether a default should be granted . . . the doubt should be resolved in favor of the defaulting party." Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 96 (2d Cir. 1993); see also City of New York v. Mickalis Pawn Shop, LLC, 645 F.3d 114, 128-29 (2d Cir. 2011).

Here, the Court agrees with the R&R that the factual allegations in the complaint fail to establish the defendant's liability under the EPA for two reasons. First, the complaint fails to establish that the plaintiffs are employees protected by the EPA. (R&R at 5.) Second, the complaint fails to establish that plaintiffs' male colleagues received greater pay "for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions." 29 U.S.C. § 206(d)(1). (R&R at 5-6.) The complaint identifies two male employees for comparison, Rick Sorrano and Antonio Valdez, (Compl. ¶¶ 13, 15), and broadly alleges that both Fredette and Robinson were paid "less than male employees performing substantially equal work," (Compl. ¶ 16). However, plaintiffs fail to allege "sufficient factual matter, accepted as true, to permit the reasonable inference" that the

male employees' "job content was substantially equal" to their own job content. E.E.O.C. v. Port Authority of N.Y. & N.J., 768 F.3d 247, 256 (2d Cir. 2014). Robinson's claim fails because she provides no details regarding either Sorrano's job content or her own job content. Fredette's claim fails because she does not provide adequate details to support a reasonable inference that either her previous position was substantially similar to Valdez's position or that her current position entails greater responsibility than Valdez's position.[1] As a result, the Court concludes that the complaint fails to state a claim under the EPA and the plaintiffs' motion for default judgment should be denied.

The Court also adopts the R&R's recommendation to decline to exercise supplemental jurisdiction over plaintiffs' NYCHRL claims at this time. It is not clear whether there is a common nucleus of operative fact sufficient to support supplemental jurisdiction between the federal claims under the EPA and plaintiffs' NYCHRL termination, adverse employment action, and hostile work environment claims. If plaintiffs wish to proceed with these claims in their amended complaint, the Court directs them to brief whether the Court should exercise supplemental jurisdiction over the NYCHRL claims.

---

[1] Administrative regulations indicate that claims based on successor and subordinate comparators may be available under the EPA. 29 C.F.R. § 1620.13(b)(4) (stating that "[i]f a person of one sex succeeds a person of the opposite sex on a job at a higher rate of pay than the predecessor, and there is no reason for the higher rate other than difference in gender, a violation as to the predecessor is established"); 29 C.F.R. § 1620.14 (stating that "differences in skill, effort or responsibility which might be sufficient to justify a finding that two jobs are not equal within the meaning of the EPA if the greater skill, effort, or responsibility has been required of the higher paid sex, do not justify such a finding where the greater skill, effort, or responsibility is required of the lower paid sex"); 29 C.F.R. § 1620.13(d) (stating that a "a serious question would be raised" where an inequality in pay "allegedly based on a difference in job content, is in fact one in which the employee occupying the job purportedly requiring the higher degree of skill, effort, or responsibility receives the lower wage rate").

3

## CONCLUSION

Accordingly, plaintiffs' motion for default judgment is denied and plaintiffs are granted thirty days leave to amend their complaint. Plaintiffs must serve the amended complaint on the defendant and file proof of service with the Court.

SO ORDERED.

Dated: Brooklyn, New York
      September 17, 2015

                                                s/Carol Bagley Amon
                                                Carol Bagley Amon
                                                Chief United States District Judge