UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------×

DENISE FREDETTE *and* REGINA ROBINSON,

        *Plaintiffs*,

    v.

PETER YOUNG HOUSING, INDUSTRIES &
TREATMENT,

        *Defendant*.

-------------------------------------------------------------------×

14 Civ. 7247

**AMENDED COMPLAINT**

Plaintiffs Denise Fredette and Regina Robinson, by counsel, The Harman Firm, PC, allege for their amended complaint against Defendant Peter Young Housing, Industries & Treatment (hereinafter "Defendant" or "PYHIT") as follows:

## PRELIMINARY STATEMENT

1. In this employment discrimination action, Plaintiffs Denise Fredette ("Ms. Fredette") and Regina Robinson ("Ms. Robinson") seek damages and costs against Defendant Peter Young Housing, Industries & Treatment for unequal pay and unlawful retaliation. Ms. Robinson also seeks damages and compensation for gender discrimination.

2. This matter arises under the Equal Pay Act of 1963, 29 U.S.C. § 206(d) and New York City Human Rights Law as codified at N.Y.C. ADMIN. CODE §§ 8-101-31 ("NYCHRL").

## JURISDICTION AND VENUE

3. Pursuant to 28 U.S.C. § 1331, this Court has jurisdiction over Plaintiffs' claims as Defendant violated Plaintiffs' rights under 29 U.S.C. § 206(d).

4. Pursuant to 28 U.S.C. § 1367, the Court has supplemental jurisdiction over Plaintiffs' claim brought under NYCHRL.

5. Pursuant to 28 U.S.C. § 1391(b), venue is proper in the United States District Court for the Eastern District of New York as a substantial part of the events giving rise to the claim occurred within this District.

## TRIAL BY JURY

6. Plaintiffs respectfully request a trial before a jury.

## PARTIES

7. Plaintiff Denise Fredette worked at PYHIT at all times relevant hereto, and was and is a resident of New York County, New York.

8. Plaintiff Regina Robinson worked at PYHIT at all times relevant hereto, and was and is a resident of Kings County, New York.

9. Upon information and belief, Defendant Peter Young Housing, Industries & Treatment is an entity organized under the laws of New York, with its principal place of business at 1140 Pacific Street, Brooklyn, New York, 11216.

## STATEMENT OF FACTS

10. In and around June 2012, PYHIT hired Ms. Robinson as a Credentialed Alcoholism and Substance Abuse Counselor ("CASAC") in training.

11. In and around November 2012, PYHIT hired Ms. Fredette as a Clinical Supervisor by PYHIT.

12. In and around May 2013, Ms. Robinson obtained her CASAC certification; however, she was never promoted as she was promised.

13. In addition, she was paid less then her male co-workers. For example, Ms. Robinson was paid thirty-two thousand dollars ($32,000), while Rick Sorrano, another CASAC, was paid thirty-eight thousand ($38,000).

14. Despite the fact that PYHIT refused to remove "in training" from Ms. Robinson's job title, Ms. Robinson and Mr. Sorrano had identical job duties: both managed a caseload of fifteen (15) clients, both conducted individual sessions with clients, both facilitated one (1) group session per week, both were responsible for paperwork and recordkeeping, such as maintaining treatment plans, coordinating care, and maintaining charts.

15. Despite the fact that their job duties at PYHIT were identical, and despite the fact that Ms. Robinson had more experience as a substance abuse counselor than Mr. Sorrano did, PYHIT paid Mr. Sorrano more than they did Ms. Robinson.

16. In and around September 2013, Ms. Fredette, due to her hard work, outstanding performance, and qualifications, was promoted from Clinical Supervisor to Outpatient Director, which was nominally a higher position with greater responsibilities and pay.

17. Both as a Clinical Supervisor and as Outpatient Director, Ms. Fredette was responsible for: developing and implementing clinical programs directing patient care; ensuring compliance with care criteria and clinical objectives, standards, policies, regulatory standards, OASAS and HIPAA; overseeing staff; leading meetings; consulting on patient intakes; collaborating with referrals; and conducting therapy sessions.

18. When Ms. Fredette was promoted, PYHIT hired Antonio Valdez to replace her as the Clinical Supervisor. PYHIT paid Valdez more than Ms. Fredette, even though she was purportedly "promoted."

19. Ms. Fredette, upon being "promoted" retained all the job responsibilities she had as a Clinical Supervisor, and which Mr. Valdez now shared, and took on the additional responsibilities of overseeing and directing the substance abuse programs, reviewing budgets, coordinating with community programs, and reviewing proposed programs.

20. Ms. Fredette, as Outpatient Director, had all the same job duties and responsibilities as Mr. Valdez did as Clinical Supervisor, in addition to her own, unique job duties.

21. Both as a Clinical Supervisor and Outpatient Director Ms. Fredette earned approximately $55,000 per year. Mr. Valdez, upon information and belief, earned between $60,000 and $65,000 per year as a Clinical Supervisor, while doing the same work as Ms. Fredette.

22. PYHIT denied both Ms. Fredette and Ms. Robinson equal wages by paying them less than male employees performing substantially equal work.

23. Further, Ms. Robinson suffered ongoing sexual harassment from Valdez, who subjected her to unwelcome sexual advances and disgusting and egregious sexual behavior.

24. Between November 2013 and June 2014, Valdez came to Ms. Robinson's office three (3) to four (4) times per week to harass Ms. Robinson with highly inappropriate and offensive behavior.

25. For example, Valdez dumped a vase of condoms on Ms. Robinson's desk, asked her to "work the pole" in exchange for him making change for a bill she had, and when she complained of being constipated, he told her he would "clean [her] out, it may be painful but you'll flow." On or about June 11, 2014, Valdez shoved an umbrella in between Ms. Robinson's legs, which he swung back and forth hitting the sides of her legs, simulating a penis and intercourse with Ms. Robinson.

26. On or about June 17, 2014, Ms. Robinson made a formal sexual harassment complaint to PYHIT's Corporate Compliance Director, Robert Schafer, for which Ms. Fredette gave Ms. Robinson her full support.

27. On or about June 26, 2014, PYHIT terminated Ms. Fredette's employment for supporting Ms. Robinson's complaint.

28. On or about August 21, 2014, Ms. Robinson inquired about the outcome of her complaint via email. She only was told that they "would be conducting an investigation."

29. On or about September 15, 2014, Ms. Robinson was brought to Margaret Richardson's office, the outpatient program director. Ms. Richardson informed Ms. Robinson that a client had made a written complaint against her. Ms. Richardson told Ms. Robinson that if she disagreed with the statement she could write a rebuttal, which Ms. Robinson did.

30. Later that day, Ms. Robinson spoke to the puportedly complaining client, who revealed that Valdez told him to write the complaint against her. Valdez's conduct was a clear act of retaliation.

31. Ms. Robinson contacted Mr. Schaffer and her supervisors, Peter Kelsey and Reginald Rogers, and brought a second harassment compliant against Valdez due to his retalitory provocation of the bogus complaint.

32. On or about September 19, 2014, Ms. Robinson received a written warning due to the client's coerced, fabricated written complaint.

33. PYHIT refused to take any action to investigate, remediate, stop, prevent or otherwise address the issue.

## CLAIMS FOR RELIEF

### FIRST CAUSE OF ACTION (FOR BOTH PLAINTIFFS)
### Violation of the Equal Pay Act of 1963, 29 U.S.C. § 206(d) for Paying Plaintiffs Less than Defendant's Male Employees

34. Plaintiff hereby realleges and incorporates each and every allegation contained in paragraphs 1 through 27 with the same force as though separately alleged herein.

35. The Equal Pay Act of 1963, 29 U.S.C. § 206(d) mandates that no employer discriminate between employees on the basis of gender by paying employees of one gender lower wages than employees of another gender for equal work on jobs which requires equal skill, effort, and responsibility, and are performed under similar working conditions.

36. Defendant PYHIT violated 29 U.S.C. § 206(d) by paying Plaintiffs less than similarly situated male colleagues in positions that required similar skill, effort, and responsibility.

37. PYHIT paid Ms. Robinson less than they did Mr. Sorrano for performing the same job functions; PYHIT paid Ms. Fredette less than they did Mr. Valdez for performing the same job functions.

38. As a direct and proximate consequence of Defendant's gender discrimination, Plaintiffs have suffered and continue to suffer, substantial monetary damages, including, but not limited to, loss of income, including past and future salary and non-monetary damages, including, but not limited to, emotional distress and suffering, all in amounts to be determined at trial.

39. Plaintiffs are entitled to compensatory damages, back pay, liquidated damages, costs, attorneys' fees, and any other damages and other compensation that the Court deems appropriate.

## SECOND CAUSE OF ACTION (FOR BOTH PLAINTIFFS)
### Violation of NYCHRL for Paying Plaintiffs Less than Defendant's Male Employees

40. Plaintiff hereby realleges and incorporates each and every allegation contained in paragraphs 1 through 32 with the same force as though separately alleged herein.

41. NYCHRL § 8-107 mandates that no employer discriminate against an employee in compensation or in terms, conditions or privileges of employment on the basis of gender.

42. Defendant PYHIT violated NYCHRL § 8-107 by paying Plaintiffs less than similarly situated male colleagues in positions that required similar skill, effort, and responsibility.

43. As a direct and proximate consequence of Defendant's gender discrimination, Plaintiffs have suffered and continue to suffer, substantial monetary damages, including, but not limited to, loss of income, including past and future salary and non-monetary damages, including, but not limited to, emotional distress and suffering, all in amounts to be determined at trial.

44. Plaintiffs are entitled to compensatory damages, back pay, liquidated damages, costs, attorneys' fees, and any other damages and other compensation that the Court deems appropriate.

### THIRD CAUSE OF ACTION (FOR PLAINTIFF FREDETTE)
### Violation of NYCHRL § 8-107 for Unlawful Termination of Plaintiff Fredette's Employment

45. Plaintiff Fredette hereby realleges and incorporates each and every allegation contained in paragraphs 1 through 36 with the same force as though separately alleged herein.

46. NYCHRL § 8-107 prohibits an employer from retaliating or discriminating against any person because he or she has opposed any practice forbidden under this chapter.

47. Defendant violated NYCHRL § 8-107 by retaliating against Ms. Fredette for supporting Ms. Robinson's complaint of gender discrimination.

48. Defendant retaliated against Ms. Fredette by terminating her employment.

49. As a direct and proximate consequence of Defendant's unlawful retaliation, Plaintiff Fredette has suffered and continues to suffer, substantial monetary damages, including, but not limited to loss of income, including past and future salary and non-monetary damages, including, but not limited to, emotional distress and suffering, all in amounts to be determined at trial.

50. Plaintiff Fredette is entitled to compensatory damages, liquidated damages, costs, attorneys' fees, and any other damages and other compensation that the Court deems appropriate.

### FOURTH CAUSE OF ACTION (FOR PLAINTIFF ROBINSON)
### Violation of NYCHRL § 8-107 for Unlawful Adverse Employment Action

51. Plaintiff Robinson hereby realleges and incorporates each and every allegation contained in paragraphs 1 through 43 with the same force as though separately alleged herein.

52. NYCHRL § 8-107 prohibits an employer from retaliating or discriminating against any person because he or she has opposed any practice forbidden under this chapter.

53. Defendant violated NYCHRL § 8-107 by retaliating against Ms. Robinson for reporting Valdez's illegal discriminatory conduct.

54. Defendant retaliated against Ms. Robinson by giving her a written warning

55. As a direct and proximate consequence of Defendant's unlawful retaliation, Plaintiff Robinson has suffered and continues to suffer, monetary damages and non-monetary damages.

56. Plaintiff Robinson is entitled to compensatory damages, liquidated damages, costs, attorneys' fees, and any other damages and other compensation that the Court deems appropriate.

### FIFTH CAUSE OF ACTION (FOR PLAINTIFF ROBINSON)
### Violation of NYCHRL § 8-107 for Subjecting Plaintiff Robinson to a Hostile Work Environment

57. Plaintiff Robinson hereby realleges and incorporates each and every allegation contained in paragraphs 1 through 42 with the same force as though separately alleged herein.

58. NYCHRL § 8-107 mandates that no employer discriminate against an employee in compensation or in terms, conditions or privileges of employment on the basis of gender.

59. Defendant violated NYCHRL § 8-107 by discriminating against Ms. Robinson by subjecting her to a hostile work environment.

60. As a direct and proximate consequence of Defendant's gender discrimination, Plaintiff has suffered and continues to suffer, substantial monetary damages, including, but not limited to loss of income, including past and future salary and non-monetary damages, including, but not limited to, emotional distress and suffering, all in amounts to be determined at trial.

61. Plaintiff is entitled to compensatory damages, liquidated damages, costs, attorneys' fees, and any other damages and other compensation that the Court deems appropriate.

### Request for Relief

**WHEREFORE**, Plaintiffs respectfully request the following relief:

A. for the first claim, actual damages to be determined at trial, but in no event less than $500,000;

B. for the second claim, actual damages to be determined at trial, but in no event less than $500,000;

C. for the third claim, actual damages to be determined at trial, but in no event less than $500,000;

D. for the fourth claim, actual damages to be determined at trial, but in no event less than $500,000;

E. for the fifth claim, actual damages to be determined at trial, but in no event less than $500,000;

F. an award of compensatory, assumed, and punitive damages;

G. pre-judgment and post-judgment interest;

H. attorneys' fees and costs; and

I. such other and further relief as the Court deems just and proper.

Dated: New York, New York
October 16, 2015

By: /s/ Walker G. Harman, Jr.
Walker G. Harman, Jr.
THE HARMAN FIRM, P.C.
*Attorneys for Plaintiffs*
1776 Broadway, Suite 2030
New York, NY 10019
(212) 425-2600
wharman@theharmanfirm.com